UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL BUTLER,<br><br>          Plaintiff,<br><br>          v.<br><br>ROY HENDRICKS, et al.,<br><br>          Defendants. | Civil Action No. 13-2454 (CCC)<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, confined at the Essex County Correctional Facility, seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*.

Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody

of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, Plaintiff failed to submit a complete *in forma pauperis* application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.

THEREFORE, it is on this day of July 8, 2013;

ORDERED that Plaintiff's request to proceed *in forma pauperis* is hereby DENIED, without prejudice; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner

mailbox rule generally); *Dasilva v. Sheriff's Dept.*, 413 Fed. Appx. 498, 502 (3d Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs ...."); and it is further

ORDERED that the Clerk of the Court shall send Plaintiff a blank form application to proceed *in forma pauperis*; and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, M.L. King, Jr. Federal Bldg. & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey, 07102, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a certified six-month prison account statement, or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

*[signature]*

CLAIRE C. CECCHI
United States District Judge