UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL BUTLER,

          Plaintiff,

          v.

ROY HENDRICKS, et al.,

          Defendants.

Civil Action No. 13-2454 (CCC)

**MEMORANDUM AND ORDER**

IT APPEARING THAT:

1. In this action, Plaintiff failed to submit a complete *in forma pauperis* application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement. Plaintiff's initial filing contained an application to proceed *in forma pauperis*; however, the application failed to provide a certified account statement as required by 28 U.S.C. § 1915(a)(2). Plaintiff's application was denied and the matter was administratively terminated.

2. Plaintiff responded, indicating that his request for an account statement had been denied. Although Plaintiff suggests that he made numerous requests, Plaintiff cites with specificity to only one such request.

3. While this Court cannot rule out the possibility that Plaintiff may in fact be unable to obtain an account statement certified by an authorized person, Plaintiff must specify the names and titles of authorized prison officials whom he approached with requests to certify his accounts, the dates of those requests, and the reasons that the authorized prison officials provided to

Plaintiff in connection with their decisions to decline the request for the certified account statement.

4. Plaintiff's existing *in forma pauperis* application, which was unaccompanied by a certified account statement, fails to comply with the statutory requirement. Accordingly, Plaintiff must provide the Court with an affidavit to that effect so that this Court may determine whether the Court should excuse Plaintiff's failure to obtain an authorized prison official's signature and the six-month statement.

THEREFORE, it is on this ___30___ day of ___April___, 2014;

ORDERED that the Clerk of the Court shall reopen the file by making a new and separate entry on the docket; and it is further

ORDERED that Plaintiff's request to proceed *in forma pauperis* is hereby DENIED, without prejudice; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dept.*, 413 Fed.Appx. 498, 502 (3rd Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs …."); and it is further

ORDERED that the Clerk of the Court shall send Plaintiff a blank form application to proceed *in forma pauperis*; and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, M.L. King, Jr. Federal Bldg. & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey, 07102, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) the $400 fee including the $350 filing fee plus the $50 administrative fee, or (2) a complete, signed *in forma pauperis* application, including a certified six-month prison account statement[1]; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

CLAIRE C. CECCHI
United States District Judge

---

[1] If Plaintiff is still unable to receive a certification of his account statement, his filing must include a written affidavit with a statement detailing his efforts with regard to obtaining that signature and the reasons he was given by the approached prison officials as to their decisions to decline his requests for such signature, in addition to his prison account statement for the six-month period immediately preceding the filing of the Complaint, as required by 28 U.S.C. § 1915(a)(2).